RANDY TANNER
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E. Front, Suite 401
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
E-mail: randy.tanner@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR-25-89-GF-BMM-JTJ |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure* |
| BRYANT MIKKELSON, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Randy Tanner, Assistant United States Attorney for the District of Montana, and the defendant, Bryant Mikkelson, and the defendant's attorney, Peter Lacny, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to count one of the information, which charges the crime of Failure to Report Taking of Grizzly Bear, in violation of 16 U.S.C. § 1538(a)(1)(G); 16 U.S.C. § 1540(b)(1); and 50 C.F.R. § 17.40(b)(1)(i), (ii). This offense carries a maximum term of imprisonment of six months; a $25,000 fine; and a $10 special assessment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) does not bring charges as outlined in ¶ 12; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and the United States does not bring charges as outlined in ¶ 12, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4.  **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in count one of the information. In pleading guilty, the defendant acknowledges that:

> **Count 1 – Failure to Report Taking of Grizzly Bear, in violation of 16 U.S.C. § 1538(a)(1)(G); 16 U.S.C. § 1540(b)(1); and 50 C.F.R. § 17.40(b)(1)(i), (ii).**
>
> **First**, the defendant took a grizzly bear by killing it;
>
> **Second**, the taking was unlawful; and
>
> **Third**, neither the defendant nor the defendant's designee reported the killing within 5 days of occurrence to the Resident Agent in Charge, Office of Law Enforcement, U.S. Fish and Wildlife Service, 2900 4th Avenue North, Suite 301, Billings, MT 59101 (406–247–7355).

5.  **Waiver of Rights by Plea:**

    (a)  The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

    (b)  The defendant has the right to plead not guilty or to persist in a plea of not guilty.

    (c)  The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(d) If a trial is held, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(e) At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(f) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(g) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the district court to determine if any errors were made that would entitle the defendant to reversal of the conviction. *See, e.g.,* Fed. R. Crim. P. 58(g)(2)(B).

(h) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States and the defendant will jointly recommend the defendant be sentenced to a one-year term of probation and imposition of a $10,000 fine. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence – Unconditional:** The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct



AUSA   DEF   ATTY   Date

does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** The United States agrees that it will not move for detention but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

11. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

12. **Further Cooperation:** As part of this plea agreement, and in exchange for the United States' recommendations, the defendant agrees to cooperate and share information with the United States regarding the location of the grizzly bear carcass and body parts at issue in this matter. The defendant further agrees to produce and surrender to the United States any and all parts of the grizzly bear carcass that defendant possesses (if any), including, but not limited to, claws, skull, hide, teeth, etc. If other persons possess such parts, defendant agrees to share information with the United States regarding the location of those parts and the identity of who might possess them. The United States agrees to not prosecute the defendant with additional charges based on the production and surrender of the grizzly bear carcass, any parts of the carcass, or information related to the carcass or parts.

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

**14. Waiver of Objection to Allocution Use in the Event of Withdrawal of Guilty Plea:** The defendant further agrees that any statements made by the defendant or on the defendant's behalf in the change of plea proceedings in this matter may be used against the defendant at a trial on the merits should the guilty plea be withdrawn. The defendant expressly waives any objection to such use under Rule 410, *Federal Rules of Evidence*, and Rule 11(f), *Federal Rules of Criminal Procedure* if the defendant successfully withdraws the plea entered pursuant to this agreement.

KURT G. ALME
United States Attorney

*/s/ Randy Tanner*
Randy Tanner
Assistant U. S. Attorney
Date: 8/5/25

*/s/ Bryant Mikkelson*
Bryant Mikkelson
Defendant
Date: 8-1-25

*/s/ Peter Lacny*
Peter Lacny
Defense Counsel
Date: 8-5-2025